**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-1372

AEROTEK, INC.,

Plaintiff – Appellant,

and

ALLEGIS GROUP, INC.,

Plaintiff,

v.

KENNETH D. NOSKY,

Defendant – Appellee.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paula Xinis, District Judge.  (8:22-cv-01516-PX)

Argued:  December 13, 2024                      Decided:  July 29, 2025

Before RICHARDSON, BENJAMIN and BERNER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:**  Alexander Thomas MacDonald, LITTLER MENDELSON PC, Washington, D.C., for Appellant.  Jeremy Leonard Kahn, BERMAN FINK VAN HORN P.C., Atlanta, Georgia, for Appellee.  **ON BRIEF:**  Paul J. Kennedy, Bradley C. Tobias, LITTLER

MENDELSON PC, Washington, D.C., for Appellant.  Benjamin I. Fink, BERMAN FINK VAN HORN P.C., Atlanta, Georgia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Nosky worked as an account manager for Aerotek, a staffing company, until he left to take a position with one of Aerotek's competitors. Aerotek alleges that Nosky violated his duty of loyalty to the company as well as two provisions of their employment agreement.[1] The district court granted summary judgment in favor of Nosky. We affirm.

## I.      Background

Aerotek is a Maryland-based company and Nosky is a citizen of New Jersey. Nosky worked for Aerotek from 2015 to 2021. When he started working for Aerotek, Nosky entered into an employment agreement with the company (the Employment Agreement).

In July 2021, Jobot, a competitor staffing company, recruited Nosky for a position. Nosky accepted Jobot's offer. On his final day with Aerotek, Nosky emailed several documents from his Aerotek email account to his personal Gmail account. Although some of these documents were personal, others were documents belonging to Aerotek including spreadsheets, client contact information, and pricing information. Aerotek considers these documents confidential (Confidential Documents).

---

[1] This appeal involves similar facts and legal issues as those involved in *Allegis Group v. Bero*, No. 23-2023 (4th Cir. 2025).

3

After Nosky began working for Jobot, he deleted the Confidential Documents from his personal Gmail account. Nosky never made use of any of the Confidential Documents, nor did he make copies of them or disclose them to any third party prior to deleting them.

Aerotek and its parent company, the Allegis Group (collectively, "the Employers"), sued Nosky for breach of his duty of loyalty and for violating two provisions of the Employment Agreement, the nondisclosure covenant and the provision governing the return and preservation of company records.

The nondisclosure covenant provides as follows:

> **COVENANT NOT TO DIVULGE CONFIDENTIAL INFORMATION**: EMPLOYEE covenants and agrees that, except as required by the proper performance of EMPLOYEE's duties for AEROTEK, EMPLOYEE shall not use, disclose or divulge any Confidential Information of Aerotek to any other person, entity or company besides AEROTEK. For purposes of this Agreement, "Confidential Information" shall mean information not generally known by the competitors of AEROTEK or the general public concerning AEROTEK's Business that AEROTEK takes reasonable measures to keep secret . . .

J.A. 136.

The return and preservation provision provides as follows:

> **RETURN AND PRESERVATION OF RECORDS:** EMPLOYEE agrees, upon termination of EMPLOYEE's employment with AEROTEK for any reason whatsoever, to return to AEROTEK all records and other property (whether on paper, computer discs or in some other form), copies of records, and papers belonging or pertaining to AEROTEK (collectively "Company Records"). EMPLOYEE further agrees not to engage in any unauthorized destruction or deletion of Company Records during employment or upon termination of employment, including, without limitation, the deletion of electronic files, data, records or e-mails . . .

J.A. 136.

4

The district court granted Nosky's motion for summary judgment. *Allegis Grp., Inc. v. Nosky*, No. 8:22-CV-01516-PX, 2024 WL 1282831, at \*6–7 (D. Md. Mar. 26, 2024). Aerotek timely appealed.[2]

## II.    Analysis

We apply Maryland contract law in this case arising under diversity jurisdiction. 28 U.S.C. § 1291; *Moore v. Equitrans, L.P.*, 27 F.4th 211, 220 (4th Cir. 2022). We review a district court's grant of summary judgment *de novo*, viewing the facts in the light most favorable to the non-moving party—in this instance Aerotek—and drawing all inferences in its favor. *Parkway 1046, LLC v. U. S. Home Corp.*, 961 F.3d 301, 312 (4th Cir. 2020); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254–55 (1986).

On appeal, we address whether the district court erred in granting summary judgment to Nosky on three claims: 1) Aerotek's claim that Nosky breached the common law duty of loyalty; 2) Aerotek's claim that he breached the nondisclosure covenant of the Employment Agreement; and 3) Aerotek's claim that he breached the return and preservation provision of the same agreement. We address each issue in turn and affirm.

---

[2] Although the Allegis Group was a plaintiff in the district court alongside Aerotek, the Allegis Group did not join Aerotek in this appeal.

A.      Common Law Duty of Loyalty

Under Maryland law, "the duty of loyalty is an implied [fiduciary] duty, 'read into every contract of employment,'" *Weichert Co. of Maryland v. Faust*, 19 A.3d 393, 400 (Md. 2011) (citing *Maryland Metals, Inc. v. Metzner*, 382 A.2d 564, 568 (Md. 1978)). Maryland has established a three-part test for evaluating breach of fiduciary duty claims. "To establish a breach of fiduciary duty as an independent cause of action, a plaintiff must show: '(i) the existence of a fiduciary relationship; (ii) breach of the duty owed by the fiduciary to the beneficiary; and (iii) harm to the beneficiary.'" *Plank v. Cherneski*, 231 A.3d 436, 466 (Md. 2020) (quoting *Froelich v. Erickson*, 96 F. Supp. 2d 507, 526 (D. Md. 2000)). Because Aerotek presented no evidence that Nosky caused his former employer any harm, the grant of summary judgment to Nosky on this claim was proper.

Aerotek's duty of loyalty claim fails under prong three of the test under Maryland law, which requires harm to the beneficiary, in this case Aerotek. The mere act of leaving one place of employment to go work for a competitor does not constitute harm. *Maryland Metals*, 382 A.2d at 571–73*; see also Planmatics, Inc. v. Showers*, 137 F. Supp. 2d 616, 627 (D. Md. 2001). Although Nosky forwarded the Confidential Documents to his personal Gmail account, Aerotek produced no evidence suggesting that Nosky used, copied, or shared the Confidential Documents (or any information derived from them) with Jobot or any other third party. There is similarly no evidence to suggest that Nosky contacted any of Aerotek's customers. Because Aerotek failed to produce evidence such that a reasonable

6

jury could find that Nosky caused Aerotek harm, we affirm the district court's grant of summary judgment to Nosky on Aerotek's duty of loyalty claim.

### B.      Nondisclosure Covenant

Aerotek argues that Nosky violated the Employment Agreement's nondisclosure covenant when he sent the Confidential Documents to his personal Gmail account. The nondisclosure covenant prohibits an employee or former employee from disclosing the employer's confidential information to "any other person, entity or company besides [the employer]." J.A. 136. Aerotek contends that because Gmail is owned by Google, and Nosky forwarded email messages containing the Confidential Documents to his Gmail account, he thereby violated the nondisclosure covenant by disclosing confidential information to Google.

Although this argument strains credulity, we need not reach it because Aerotek did not rely upon this theory in its complaint. Aerotek raised its disclosure-to-Google argument for the first time in its motion for summary judgment.  A plaintiff is precluded from raising claims that are not pled in the complaint at later stages of litigation, including in the form of a motion for summary judgment. Fed. R. Civ. P. 15(a)(2); *In Cloaninger ex rel. Est. of Cloaninger v. McDevitt*, 555 F.3d 324, 336 (4th Cir. 2009). Because Aerotek failed to plead that Nosky violated the nondisclosure covenant by disclosing the Confidential Documents to Google, we affirm the grant of summary judgment to Nosky on Aerotek's claim for breach of the nondisclosure covenant.

C.    Return and Preservation Provision

The Employers' final claim is that Nosky breached the Employment Agreement's return and preservation provision. Before the district court, the Employers argued that Nosky violated this provision by *both* failing to return emails he sent to himself *and* by deleting the emails. On appeal, Aerotek argues only that the district court erred in concluding that Nosky did not violate the return and preservation provision by failing to return the emails.

Under the return and preservation provision, Nosky was required to "return to [Aerotek] all records and other property (whether on paper, computer discs or in some other form), copies of records, and papers belonging or pertaining to [Aerotek]." J.A. 136. The provision further precluded Nosky from "engag[ing] in any unauthorized destruction or deletion of Company Records during employment or upon termination of employment, including, without limitation, the deletion of electronic files, data, records or e-mails." J.A. 136. We find this provision ambiguous as to whether the *return* requirement includes the requirement to return emails.

Under Maryland law of contract interpretation, where a contract contains an express term, that term will be construed to negate "an implied, inconsistent term relating to the same aspect of the contract." *Myers v. Kayhoe*, 892 A.2d 520, 528 (Md. 2006) (internal citation omitted). Maryland law also requires us to construe contract ambiguities against the drafter. *Credible Behav. Health, Inc. v. Johnson*, 220 A.3d 303, 314 (Md. 2019). These principles guide our analysis.

8

Here, the *preservation* requirement of the return and preservation provision explicitly states that an employee or former employee must preserve company records, including emails, and precludes employees from deleting or destroying them absent authorization. The *return* requirement, by contrast, does not specify emails as among the items that must be returned upon termination of employment. Because the preservation requirement expressly includes a reference to emails while the return requirement does not, we cannot conclude that the parties intended to require emails to be returned. *See Myers*, 892 A.2d at 527–28.

Aerotek drafted the Employment Agreement and could have specified that an employee must return all emails upon termination of employment, just as Aerotek specified that emails must be preserved. It failed to do so. At a minimum, we find the return requirement to be ambiguous as to whether the parties intended to include a requirement that emails be returned.[3] Construing this ambiguity against the drafter, as we must, we find that the Employment Agreement's return and preservation provision did not require Nosky to return emails that he sent to himself from his Aerotek email account. Accordingly, we affirm the district court's grant of summary judgment to Nosky on this final claim.

---

[3] The Parties discuss at length whether an email message can ever, in fact, be "returned" and what that would entail. Because we find the return and preservation provision does not require the return of emails, even if this were possible, we need not reach the technical question of how—if at all—this would be accomplished.

9

### III.    Conclusion

For the reasons set forth above, we affirm the order of the district court granting summary judgment to Nosky.

*AFFIRMED*